IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-00303-CG-B |
| | ) | |
| | ) | |
| JONATHAN ROBERT TAYLOR | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion to Suppress Evidence (Docs. 22 & 30), the Government's response (Doc. 34), and Defendant's reply (Doc. 37). For the reasons set forth herein, Defendant's motion is **DENIED**.

The Mobile Police Department used a confidential informant to allegedly purchase cocaine from Defendant on May 14, 2014, at a location on Salvia Street in Mobile, Alabama, and Defendant was arrested soon thereafter. (Doc. 22-1, p. 4). That same day, the arresting officer submitted an affidavit, and a judge issued a warrant to search an apartment on Orleans Street in Mobile, where the mother of Defendant's child resided. Id. at 1-5. The warrant was executed within two hours of its issuance, with the officers finding a handgun and more drugs. Id. at 1-2. Defendant seeks to suppress this evidence, arguing that the warrant was not supported by probable cause and that no "good faith" exception to the exclusionary rule applies. (Doc. 22, p. 6). The relevant portions of the affidavit state:

> Within the past 72 hours of May 14, 2014 the Mobile Police Department Narcotics/Vice Unit conducted a controlled delivery at approximately 1245 hours in reference to Jonathan

>Taylor delivering an ounce ½ of powder cocaine to 2466 N. Salvia Street. Taylor arrived at the location and provided the confidential source with 43.4 grams of powder cocaine. I recovered the evidence and Taylor was detained. On May 12, 2014 the confidential source stated that he/she went to Taylor's apartment [on Orleans Street] and purchased $1,300.00 worth of powder cocaine from Taylor. On May 13, 2014 the confidential source purchased $1,300.00 worth of powder cocaine from Taylor at 2466 Salvia Street. The confidential source stated that he/she has purchased powder cocaine from [the Orleans Street apartment] from Taylor on numerous occasions within the past 4 months from this date. The confidential source has purchased powder cocaine inside the apartment [on Orleans Street]. Monique Lewis is the owner of the location [on Orleans Street]. Taylor stated that he frequents that location and that Lewis is the mother of his 2 year old daughter.
>   Based on my experience as a Narcotics Investigator I know that drug dealers keep ledgers, paraphernalia, and records of sales, monies, customer lists, notes and telephone listings. They also secure monies, illegal drugs and weapons in locked boxes, safes, vehicles and hidden in outdoor areas. They also keep bags, scales, and other packaging used for transportation and storing their illegal narcotics.
>   It is readily apparent that the [Orleans Street apartment] is being used for criminal drug activity therefore based upon these facts and information; I respectfully request that a Search Warrant be granted for the [Orleans Street address].

(Doc. 22-1, pp. 4-5).

The Supreme Court established the totality of the circumstances test for determining whether information obtained from a confidential informant is sufficient to find probable cause. See Illinois v. Gates, 462 U.S. 213, 230-31 (1983). The Court recognized that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." Id. at 232. The Court instructed that courts are to consider "the informant's 'veracity' or 'reliability' and his 'basis of knowledge,'" as well as "other indicia of reliability." Id. at 233. For example, a

2

potentially unreliable informant's "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." Id. at 234; see also United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999). The Eleventh Circuit has held that "requiring independent police corroboration—as a per se rule in each and every case—is contrary" to established precedent. Brundidge, 170 F.3d at 1353 (footnote omitted). Further, "the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002).

The reviewing court is to give great deference to the magistrate's probable cause determination. See Gates, 462 U.S. at 236. The magistrate must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. This Court's duty is to ensure that the magistrate had a "substantial basis," supported by more than "mere conclusory statement[s]," in making the determination that probable cause existed. Id. at 239.

It is true that the affidavit here is sparse on details, but the Court has found similar affidavits were enough to support a magistrate's finding of probable cause. See, e.g., United States v. Eldridge, Crim. No. 13-0100-CG-B, 2013 WL 3009268, at

3

\*2 (S.D. Ala. June 17, 2013) ("Analyzing the affidavit under the totality of the circumstances, the court finds that the information contained in the warrant, although slim, is sufficient to establish probable cause."); United States v. McIrby, Crim. No. 12-00048-CG, 2012 WL 1677642, at \*1 (S.D. Ala. May 14, 2012) ("The court finds that the affidavit provides bare-boned, but sufficient, basis to establish probable cause . . . ."); United States v. Moore, Crim. No. 08-00076-CG, 2008 WL 1836735, at \*1 (S.D. Ala. Apr. 23, 2008). The affidavit addresses the reliability of the informant by stating that the informant was used in the drug purchase that formed the basis for Defendant's arrest. For basis of knowledge, the informant stated that he or she purchased drugs from Defendant inside the Orleans Street apartment two days before the affidavit was submitted and had purchased powder cocaine from Defendant there "on numerous occasions" in the prior months. This is a sufficiently detailed, firsthand description of the alleged criminal activity to support a finding of "a fair probability that contraband or evidence of a crime [would] be found" in the Orleans Street apartment. United States v. Magluta, 198 F.3d 1265, 1271 (11th Cir. 1999), vacated in part on other grounds, 203 F.3d 1304 (11th Cir. 2000). Further, the timeliness of the information pertaining to the Orleans Street address, with the informant having purchased drugs at the location mere days before the affidavit submission, warrants a finding of probable cause. See id. The affidavit establishes a connection between Defendant and the Orleans Street apartment and a link between the Orleans Street apartment and the illegal activity. While the affidavit is rather abbreviated, the Court finds that the magistrate had a

4

substantial basis in finding probable cause.

Even if probable cause were lacking, the good faith exception would apply to preclude exclusion of the obtained evidence. The exclusionary rule generally prohibits the admittance of evidence obtained from an illegal search. See Martin, 297 F.3d at 1312. However, the Supreme Court set forth an exception to the exclusionary rule when police act in good faith in reliance upon a search warrant. See United States v. Leon, 468 U.S. 897, 913 (1984). The good faith exception will not apply, however, in the following situations:

> (1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role . . . ; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

Martin, 297 F.3d at 1313 (internal quotation marks omitted). Defendant argues that the last three circumstances are present here. (Doc. 37, pp. 7-8). Defendant bases this assertion essentially on the contention that probable cause was so lacking "that the issuing magistrate acted as a 'rubber stamp.'" Id. at 8.

This Court has found above that the warrant was supported by probable cause. Even if the Court had not found probable cause, it cannot be said that there was such a lack of indicia of probable cause that the magistrate wholly abandoned the judicial role or that the affidavit is so lacking that probable cause could not reasonably be found. At worst, the affidavit "provide[s] evidence sufficient to create

5

disagreement among thoughtful and competent judges as to the existence of probable cause." See Leon, 468 U.S. at 926. "Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause," and thus the Court cannot find that the magistrate erred in issuing the warrant. See id. at 914. Further, if the magistrate acted reasonably in issuing the warrant, then it follows that the executing officers were justified in presuming it to be valid.

The Court finds that the warrant was supported by probable cause, and the search would qualify for the good faith exception even if probable cause were lacking. Therefore, Defendant's motion to suppress evidence is hereby **DENIED**.

**DONE** and **ORDERED** this 25th day of September, 2015.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE