IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 14-0303-CG |
| | ) |
| JONATHAN ROBERT TAYLOR, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This matter comes before the Court on defendant's *Ex Parte* Motion for Issuance of Subpoena Duces Tecum (doc. 47). The Motion was filed today, exactly one week before the jury trial setting of October 13, 2015.

Defendant, Jonathan Robert Taylor, seeks issuance of a Subpoena Duces Tecum to Captain Clay Godwin of the Mobile Police Department, to compel production of certain of the Department's written policies and procedures ("SOPs") on or before October 9, 2015. In particular, Taylor seeks to compel production of the Department's written policies and procedures (if any) that address (a) "whether recording is required when police direct an informant to place a phone call in their presence to the target of an investigation in order to arrange a controlled purchase of contraband;" or (b) "whether or not surveillance officers are required to videotape or photograph their surveillance of a controlled purchase of contraband." (Doc. 47-1.) Taylor states that he does not know whether any such SOPs exist, but that Captain Godwin has confirmed that his section maintains all of the Department's SOP documents and that he will not tender any such documents to defense counsel absent a court order. Taylor has shown good cause for ordering production of these materials by the Department. *See generally United States v. Gallo*, 2014 WL 1767075, *2 (S.D. Fla. May 5, 2014) ("the moving party must satisfy three requirements for a Rule 17(c)(1) subpoena: (1) relevance; (2) admissibility; and (3) specificity"). Accordingly, pursuant to Rule 17(c), Fed.R.Crim.P., the Clerk of Court is **directed** to issue the Subpoena appended to the Motion for prompt and immediate service on Captain Godwin by the Federal Defender Organization.

Two other matters warrant discussion at this time. First, although Taylor filed his Motion for Issuance of Subpoena Duces Tecum on an *ex parte* basis, the Court finds the posture of the request to be inappropriate. As Taylor himself acknowledges, Rule 17(c) does not provide for applications for production of documents to be adjudicated on an *ex parte* basis, and numerous courts have expressed reluctance – or even outright refusal – to allow use of such a secret procedure for issuance of pre-trial subpoenas for documents without notice to opposing parties.[1]

To be sure, Taylor attempts to justify the *ex parte* nature of his Motion by protesting that disclosure of the documents to the Government could "potentially compromise trial strategy" and could compromise "the source and integrity of this evidence." (Doc. 47, at 9.) Neither of these conclusory assertions is persuasive, much less capable of satisfying the "exceptional circumstances" limitation that some courts have imposed on *ex parte* Rule 17(c) motions. As to divulging trial strategy, it is quite clear from the Motion itself that Taylor has not yet formulated a trial strategy with regard to this issue, and that how (if at all) he broaches the subject of SOPs

---

[1]   *See, e.g., United States v. Peterson*, 196 F.R.D. 361 (D.S.D. 2000) ("A motion under Fed.R.Crim.P. § 17(c) may not be made *ex parte*, at least if made to seek production prior to trial."); *United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997) ("the Court finds that Rule 17(c) authorizes *ex parte* procedure with respect to the issuance of pre-trial subpoenas only in exceptional circumstances"); *United States v. Najarian*, 164 F.R.D. 484, 488 (D. Minn. 1995) (opining that, where Rule 17(c) "is utilized for the disclosure of evidentiary materials in advance of trial, the application should be reviewable by the other parties to that proceeding"); *United States v. Hart*, 826 F. Supp. 380, 381 (D. Colo. 1993) ("the mechanism for obtaining documents, rule 17(c), negates any assumption that production should be on an *ex parte* basis"); *United States v. Urlacher*, 136 F.R.D. 550, 556 (W.D.N.Y. 1991) ("There can be no 'right' to *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties inspection prior to trial."); *United States v. Bennett*, 2014 WL 801042, *3 (S.D. W.Va. Feb. 28, 2014) (striking Rule 17(c) applications filed *ex parte* where "[d]efendant fails to meet his heavy burden to proceed *ex parte* in this manner"); *United States v. Tutt*, 2013 WL 4803486, *3 (E.D. Mich. Sept. 9, 2013) ("the Court concludes that when Rule 17(c) is used to obtain documentary evidence in advance of trial, the application should be reviewable by all parties to the proceeding"); *United States v. Fulton*, 2013 WL 4609502, *2 (D.N.J. Aug. 29, 2013) ("Courts which have permitted *ex parte* applications pursuant to Rule 17(c) have by and large held that … the moving party must demonstrate that proceeding *ex parte* is justified by some exceptional circumstance."); *United States v. Bradley*, 2011 WL 1102837, *2 (S.D. Ill. Mar. 23, 2011) ("The Court notes as a final matter that it does not share Defendant's view that Rule 17(c) authorizes *ex parte* applications for subpoenas duces tecum."); *United States v. Stewart*, 1997 WL 103700, *2 (E.D. Penn. Mar. 4, 1997) ("We agree with the majority of courts which have examined this issue that the plain language of Rule 17(c) does not contemplate an *ex parte* procedure, at least absent extraordinary circumstances.").

at trial will depend on the contents of the documents produced, if any such SOPs even exist. The requested Rule 17(c) production will trigger a host of additional considerations for defense counsel to weigh in formulating trial strategy; therefore, the mere fact that Taylor's counsel is looking into whether the Mobile Police Department has any on-point SOPs reveals little (if anything) of interest as to his trial strategy. Furthermore, the existence or absence of the requested SOPs appears not to be of cataclysmic import for trial in any event; rather, these materials (whatever their contents might be) appear to relate to an ancillary or tangential issue that may be relevant, but is hardly vital or central, to any reasonable defense strategy. For these reasons, Taylor cannot hide behind generic allegations of "trial strategy" to make secret document requests on the eve of trial, particularly where *ex parte* status might clash with his own reciprocal discovery obligations under Rule 16(b) and Criminal L.R. 16(b)(4), thus paving the way for trial by ambush. As to his stated concerns about "the source and integrity of the evidence," Taylor's oblique suggestion that the Mobile Police Department might destroy, alter or conceal the requested documents (in order to be "protective of the interests of their own officers and their own investigations") rather than produce them unless the subpoena is issued on an *ex parte* basis appears both speculative and entirely devoid of factual grounding.

      For the foregoing reasons, defendant's request for *ex parte* status for his Rule 17(c) Motion is **denied** based on defendant's failure to demonstrate extraordinary circumstances that might justify issuance of the document request to Captain Godwin on an *ex parte* basis. The Clerk of Court is **directed** to unseal defendant's motion papers and the Subpoena, together with this Order.

      Second, more generally, the Court is concerned by the parties' persistent engagement in motion practice at the eleventh hour, particularly when the Order on Arraignment (doc. 19) fixed a deadline of August 27, 2015 for pretrial motions. It is in the interests of orderly, efficient administration of justice in this case to set a firm cutoff date for such filings. Accordingly, any further written pretrial motions or proposed jury instructions that any party wishes to submit for consideration must be filed by no later than **October 8, 2015**. Motions or requests for jury instructions filed after that date may be summarily denied as untimely.

      DONE and ORDERED this 6th day of October, 2015.

                                              s/ WILLIAM H. STEELE
                                              CHIEF UNITED STATES DISTRICT JUDGE