**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 14-0303-CG** |
| | ) | |
| **JONATHAN ROBERT TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant's Second Motion to Suppress Evidence and Request for a *Franks* Hearing (doc. 51) and his Motion to Dismiss Indictment (doc. 52).

**I.     Motion to Suppress / Request for *Franks* Hearing.**

Defendant, Jonathan Robert Taylor, is charged with possessing with intent to distribute cocaine powder and with possessing a firearm in furtherance of that drug trafficking crime. Among the evidence the Government intends to use against Taylor at trial are the fruits of a search warrant executed on the afternoon of May 14, 2014 at an apartment on Orleans Street in Mobile, Alabama.  Several weeks ago, Taylor filed and litigated a motion to suppress all evidence seized from the Orleans Street apartment on the grounds that the search warrant affidavit was defective because it failed to establish probable cause.  In particular, Taylor attacked the search warrant affidavit as relying on the hearsay statement of a confidential informant ("CI") whose reliability had not been established.

After briefing and a hearing, Judge Granade entered an Order (doc. 39) on September 25, 2015, denying Taylor's motion to suppress.  In that Order, Judge Granade reasoned as follows: (i) the search warrant affidavit addressed the CI's reliability by indicating that he carried out the controlled buy that culminated in Taylor's arrest; (ii) the CI's statements of having purchased cocaine from Taylor inside the Orleans Street apartment on numerous occasions in the last four months (including just two days earlier) were sufficiently detailed to support a probable cause finding; and (iii) the information in the affidavit that linked both Taylor and his criminal activity to the Orleans Street apartment was timely.  Judge Granade also concluded in the alternative that,

even if probable cause were lacking, the exclusionary rule would be inapplicable here by straightforward application of the *Leon* good faith exception.

Nearly two weeks after Judge Granade's ruling, and a mere five days before trial, Taylor filed a Second Motion to Suppress, wherein he once again focuses on the sufficiency of the search warrant affidavit. Taylor presents two arguments in support of this request. First, he urges this Court to reweigh the evidence presented to Judge Granade and to reconsider her ruling on the Motion to Suppress after taking into account certain information recently disclosed by the Government. In particular, the Government has now divulged that the CI had a pending charge for cocaine trafficking at the time of his/her participation in this case and that the police had informed the CI that the district attorney's office would be notified of his/her cooperation so that the informant could be given consideration for same. Second, Taylor asserts that the search warrant is void under the principles set forth in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), because the search warrant affiant omitted information undermining the CI's reliability.

As an initial matter, to the extent that Taylor is urging the Court to reweigh the probable cause determination by considering additional facts not before the magistrate independently of the *Franks* issue, as he appears to be doing (*see* doc. 41, at 2), the Motion is legally unfounded. *See, e.g., United States v. Kelly*, 2014 WL 1153375, *9 (N.D. Ga. Mar. 21, 2014) ("Generally, a challenge to the issuance of a search warrant is limited to the sufficiency of the information contained within the four corners of the warrant application itself.").[1] Thus, notwithstanding defendant's attempt to advance two distinct grounds for relief, his Second Motion to Suppress rises or falls entirely on the strength of his *Franks* claim. *See United States v. Brown*, 2008 WL 5099922, *1 (S.D. Ga. Nov. 25, 2008) ("A defendant who asks the court to look outside the four corners of the warrant is entitled to a hearing only if he makes a substantial preliminary showing

---

[1]     *See also United States v. Brooks,* 594 F.3d 488, 492 (6th Cir. 2010) ("When determining whether an affidavit establishes probable cause, we look only to the four corners of the affidavit; information known to the officer but not conveyed to the magistrate is irrelevant."); *United States v. Vigeant*, 176 F.3d 565, 569 (1st Cir. 1999) ("We review the question of probable cause *de novo*, … assessing the information provided in the four corners of the affidavit supporting the warrant application.") (citations omitted).

that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.") (citation and internal quotation marks omitted).

The *Franks* doctrine provides that "a warrant affidavit violates the Fourth Amendment when it contains omissions made intentionally or with a reckless disregard for the accuracy of the affidavit." *Madiwale v. Savaiko*, 117 F.3d 1321, 1326-27 (11th Cir. 1997) (citation and internal quotation marks omitted). Notably, "even intentional or reckless omissions will invalidate a warrant only if inclusion of the omitted facts would have prevented a finding of probable cause." *Id.* at 1327. To be eligible for a *Franks* hearing, Taylor must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *see also United States v. Kapordelis*, 569 F.3d 1291, 1309 (11th Cir. 2009) ("The defendant bears the burden of showing that, absent those misrepresentations or omissions, probable cause would have been lacking.") (citation and internal quotation marks omitted). He has not done so.

The gravamen of Taylor's Motion is that the search warrant affiant wrongfully failed to include facts that the CI was facing cocaine trafficking charges and that the CI had been notified that prosecutors would give him/her consideration for cooperating in the Taylor investigation. However, Taylor identifies no authorities supporting his premise that a search warrant affidavit contravenes the Fourth Amendment whenever it omits information spelling out a confidential informant's criminal charges and motivations to assist law enforcement. Movant's failure to cite to such case law is understandable; after all, the Eleventh Circuit and other courts have cast a dim view on the argument that omission of details about the CI's criminal history and potential biases triggers a *Franks* remedy. *See, e.g., United States v. Haimowitz*, 706 F.2d 1549, 1555-56 (11th Cir. 1983) (rejecting *Franks* argument that omission of facts concerning informant's "prior felony convictions and bad acts may have led the magistrate to a misconception of [informant]'s credibility" where the affidavit would have supported probable cause finding even if the magistrate had known of informant's prior acts).[2]

---

[2]     *See also United States v. Ofshe*, 817 F.2d 1508, 1513 (11th Cir. 1987) (where affidavit stated that informant had received cocaine from defendant, "[t]his fact … told the (Continued)

A fundamental reason why omission of an informant's legal troubles and potential motivations to cooperate does not ordinarily implicate *Franks* concerns is this: "It would have to be a very naïve magistrate who would suppose that a confidential informant would drop in off the street with such detailed evidence and not have an ulterior motive.  The magistrate would naturally have assumed that the informant was not a disinterested citizen."  *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988); *see also United States v. Fowler*, 535 F.3d 408, 416 (6th Cir. 2008) ("it is no surprise that most confidential informants are engaged in some sort of criminal activity"); *United States v. Martin*, 920 F.2d 393, 398-99 (6th Cir. 1990) ("it is often people involved in criminal activities themselves that have the most knowledge about other criminal activities"); *United States v. Hanhardt*, 157 F. Supp.2d 978, 995 (N.D. Ill. 2001) ("The affidavit portrays the informants as persons involved in, or associated with, organized crime, and it is plain that they are some unsavory characters.  The court does not construe the omission of the informants' full criminal histories as a deliberate or reckless attempt to mislead the court into believing the informants are merely angels with dirty faces.  There is no need to hold a *Franks* hearing …..").  These common-sense cases defeat Taylor's contention that, in the absence of such disclosure by the affiant, the magistrate who issued the search warrant must have been misled into believing that the CI was an "unimpeachable citizen who [did] their civic duty and report[ed] criminal activity to law enforcement."  (Doc. 51, at 3.)  Confidential informants in narcotics investigations are rarely, if ever, cut from such wholesome cloth.

─────────────────────

district court enough about the informant's background.  Therefore, the omission of the informant's criminal convictions and incarceration, when considered with all the information contained in the application, does not invalidate the warrant."); *United States v. Williams*, 477 F.3d 554, 558 (8th Cir. 2007) ("We have held that an affidavit is not robbed of its probative effect by its failure to mention that the informant was a paid informant who avoided prosecution by virtue of her testimony.") (citations and internal quotation marks omitted); *United States v. Dale*, 991 F.2d 819, 844 (D.C. Cir. 1993) ("an affiant's failure to disclose the backgrounds and alleged biases of informants does not establish the affiant's reckless disregard for the truth"); *United States v. Wold*, 979 F.2d 632, 634 (8th Cir. 1992) ("Jones did not inform the magistrate issuing the warrant that Byers had been a drug dealer for a number of years, was cooperating with the police in order to receive leniency, and was being paid by the police.  This court has held, however, that omissions such as these are not misrepresentation."); *United States v. Fussell*, 366 Fed.Appx. 102, 104 (11th Cir. Feb. 17, 2010) ("Other omissions Fussell challenges – that Mount was a drug addict and seller, that Castillo sold large quantities of cocaine, and that both faced potentially harsh penalties – were implied in the warrant and serve to bolster probable cause.").

Furthermore, there can be no finding of intentional or reckless misrepresentation here because it was implicit in the search warrant affidavit that the CI was indeed a drug dealer whose participation was driven by ulterior motives to gain consideration for his own legal troubles. On the face of that affidavit, the magistrate was notified that the CI had purchased $1,300 worth of powder cocaine from Taylor on May 13, 2014 (*i.e.*, one day before the warrant application), that the CI had purchased another $1,300 worth of powder cocaine from Taylor on May 12, 2014 (*i.e.*, two days before the warrant application), and that the CI had purchased powder cocaine from Taylor on "numerous occasions" over a four-month period. These facts divulged in the affidavit unambiguously portray the CI as a drug dealer; after all, one does not typically buy $1,300 worth of powder cocaine each day for personal use. If the CI were a drug dealer, as the affidavit implied, then it would require no leap of logic for a magistrate to conclude that the CI was facing harsh penalties and that the desire to mitigate such penalties was a substantial motivating cause of the CI's participation. Again, magistrates reviewing search warrant applications are not naïve. Affiants need not connect the dots to make explicit that which is already implicit in the affidavit, to-wit: that the CI is something other than an unimpeachable citizen performing his or her civic duty. Simply put, the Court finds it hard to believe that any reasonable magistrate would have been tricked or deluded by the challenged omissions into thinking the CI was a benevolent, disinterested, law-abiding citizen, rather than what he/she was: a bad actor in serious legal trouble who was cooperating in hopes of cutting a deal with prosecutors. In *Franks* terms, Taylor has failed to make a substantial preliminary showing that the search warrant affidavit is infected by omissions made with reckless disregard for the truth. There has been no showing – and there is simply no reason to believe – that the search warrant affiant engaged in deliberate falsehoods or proceeded with reckless disregard for the truth by not setting forth in the affidavit the criminal charges against the CI or the inducement that law enforcement had told the CI that prosecutors would be informed of his/her cooperation.

Moreover, even if there were a deliberate falsehood or omission made with reckless disregard for the truth (which there is not), Taylor's *Franks* argument misses the mark because, as Judge Granade noted in her September 25 Order, the search warrant affidavit adequately reinforced the CI's statements. In particular, the affidavit accurately recited that the CI had orchestrated a controlled buy with Taylor earlier that day. The CI's participation with law enforcement officers on a controlled purchase of powder cocaine from Taylor is powerful

corroboration of his/her story.  Additionally, as Judge Granade observed, the CI's statements included sufficient detail to support a probable cause finding.  Further, the CI's statements that he/she had purchased $1,300 worth of cocaine from Taylor on each of the previous two days were admissions against penal interest that buttressed the CI's credibility.[3]  And the CI's identification of the location where he/she had purchased $1,300 in cocaine from Taylor on May 12 and on numerous occasions previously was corroborated by Taylor's statement to police (as set forth in the search warrant affidavit) that Taylor's girlfriend lives there and that Taylor frequents such location.  Considering the totality of the circumstances, the search warrant affidavit adequately demonstrated the CI's veracity and reliability, so as to establish probable cause.  In light of these facts set forth in the affidavit, and the plain, obvious implication therein that the CI was a drug dealer with an ulterior motive, the Court concludes that the affidavit would have supported a finding of probable cause even had it included information detailing the cocaine charges against the CI and the CI's pursuit of leniency in those criminal proceedings based on cooperation with law enforcement.  In the *Franks* vernacular, inclusion in the search warrant affidavit of the omitted information challenged by Taylor would not have defeated probable cause.  Therefore, Taylor is not entitled to a *Franks* hearing or to any relief on his *Franks* claim predicated on omissions of the CI's circumstances.[4]

---

[3]    *See, e.g., United States v. Harris*, 403 U.S. 573, 583-84, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) ("Admissions of a crime … carry their own indicia of credibility – sufficient at least to support a finding of probable cause to search."); *United States v. Buchanan*, 574 F.3d 554, 561-62 (8th Cir. 2009) ("We have also recognized that statements against the penal interest of an informant typically carry considerable weight in establishing reliability.") (citation and internal quotation marks omitted); *United States v. Schaefer*, 87 F.3d 562, 566 (1st Cir. 1996) ("The fact that an informant's statements are against his or her penal interest adds credibility to the informant's report."); *United States v. Barnes*, 909 F.2d 1059, 1069 (7th Cir. 1990) ("Lonnie's statement that he purchased cocaine from Barnes and then sold some of it to Chris Ford is an admissible statement against Lonnie's penal interest, thus providing further support for Lonnie's credibility.").

[4]    In his most recent filings, Taylor makes much of the Government's non-disclosure of certain details of the CI's criminal proceedings (such as the quantities of controlled substances and currency with which the CI was caught, the CI's criminal history, how law enforcement came to arrest the CI, and so on).  Defendant is seeking a *Franks* hearing to flesh out these and other details (the very same facts that defendant tried and failed to force the Government to divulge via *Brady / Giglio* motion).  Such a hearing is unnecessary because those facts – whatever they are – would not have negated a finding of probable cause for the search (Continued)

At its core, defendant's *Franks* argument fails because it is antithetical to the Supreme Court's admonition that search warrant affidavits "must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area." *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Taylor's argument would reduce the task of preparing a search warrant affidavit to a game of "gotcha" by finding malfeasance of constitutional proportions whenever a search warrant affiant failed to include a detailed dossier on a confidential informant's background, character, criminal charges and motivations. The law simply does not require such specificity, particularly where (as here) it was implicit on the face of the affidavit upon any common-sense reading that the informant was in legal trouble and was cooperating in an attempt to mitigate the likely punishment.

For all of these reasons, the Second Motion to Suppress Evidence and Request for *Franks* Hearing (doc. 51) is **denied** in its entirety.

## II.     Motion to Dismiss Indictment.

In a separate Motion, Taylor requests dismissal of the Indictment based on what he calls "[t]he government's withholding of *Brady* material in this case." (Doc. 52, at 1.) Taylor contends that dismissal is appropriate under the Due Process Clause, pursuant to the Court's supervisory powers, and as a discovery sanction pursuant to Rule 16(d)(2)(D), Fed.R.Crim.P. The primary basis for Taylor's request for such a draconian sanction is the Government's refusal

---

warrant, such that their omission from the affidavit cannot amount to a *Franks* violation, as a matter of law. Again, the magistrate reviewing the search warrant affidavit had the CI's statements, which were corroborated and bolstered in terms of reliability by (i) the CI's participation in the controlled buy, (ii) the fact that Taylor had been arrested earlier that day with 40 grams of cocaine on his person, (iii) the CI's admissions against penal interest, and (iv) Taylor's statement that he in fact frequented the Orleans Street apartment where the CI claimed to have purchased cocaine from him. It was already implicit in the warrant affidavit that the CI was a drug dealer who was cooperating in an attempt to save his/her own skin. Further elaboration on the specifics of the CI's legal trouble would neither have defeated probable cause nor, frankly, have made any difference in the probable cause calculus; therefore, no *Franks* hearing is necessary. *See, e.g., United States v. Gamory*, 635 F.3d 480, 492 (11th Cir. 2011) ("[E]ven discounting the purported tainted statements, there was still probable cause to support the search for the reasons stated above. As such, no *Franks* hearing was required.").

to produce information to the defense concerning (i) "dates, times, place, and the amounts of currency the informant agreed to let the police seize;" (ii) "the nature of this person's prior criminal involvement;" (iii) "the nature and quantities of each (of the apparently very many) types of drugs this informant possessed;" (iv) "how and when this informant was caught," (v) "the specific timing of the police officers' promises and inducements," and (vi) "when the search warrant affiant first became aware of the informant's criminal involvement." (Doc. 52, at 4.) Alternatively, Taylor requests dismissal of the Indictment pursuant to *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

Taylor posits that the appropriate analysis consists of "two requirements, prejudice and willful misconduct." (Doc. 52, at 5.) He has shown neither. As set forth in the Order (doc. 54) entered on October 9, 2015, the Court has already concluded that the Government's non-disclosure of the above-listed specifics of the CI's criminal proceedings does not violate *Brady* because the requested information is neither exculpatory nor impeaching, as required to satisfy the first element of *Brady*. What's more, Taylor's claims of prejudice are unfounded. Again, the Government is not going to call the CI to testify at trial. The requested impeachment information would be of no value to Taylor at trial because he cannot introduce evidence to impeach a non-testifying witness, nor can he call a witness for the sole purpose of impeaching his/her credibility. All of this was explained at length in the October 9 Order. Furthermore, Taylor could not make the requisite showing of prejudice by arguing that the non-disclosed evidence was necessary to his repeated, unsuccessful motions to suppress and request for *Franks* hearing. After all, the Court has held, *supra*, that there is no indication of a deliberate or reckless omission by the affiant, and the subject information would not have deprived the search warrant application of probable cause even if it had been disclosed in the affidavit. In short, despite Taylor's recognition that he must show prejudice and willful misconduct in order to prevail on his request for dismissal of the Indictment, his Motion falls well short on both metrics.

Nor is Taylor's position strengthened by invoking *Roviaro*. In that case, the Supreme Court observed that "[w]here the disclosure of an informer's identity … is relevant and helpful to the defense of an accused … the trial court may require disclosure and, if the Government withholds the information, dismiss the action." 353 U.S. at 60-61. Here, Taylor has not shown that disclosure of the CI's identity would be relevant and helpful to his defense. He has not moved for this Court to compel the Government to furnish the CI's identity to the defense. This

Court has not ordered the Government to disclose such information.  And the Government has not defied any such court order.  Accordingly, *Roviaro* is inapposite.

The Eleventh Circuit has instructed that "dismissal of an indictment for prosecutorial misconduct is an extreme sanction which should be infrequently utilized."  *United States v. White*, 846 F.2d 678, 693 (11th Cir. 1988) (citations and internal quotation marks omitted); *see also United States v. Darden*, 688 F.3d 382, 387 (8th Cir. 2012) ("Where a defendant alleges prosecutorial misconduct, dismissal of the indictment is proper only when the defendant demonstrates ***flagrant misconduct and substantial prejudice***.") (emphasis added and citation omitted).  The information presented by defendant does not come close to justifying such an extreme sanction.  Indeed, after careful review of Taylor's flurry of filings on the eve of trial, the Court finds that defendant has made no threshold showing of either flagrant misconduct or substantial prejudice to the defense, much less both.  The Motion to Dismiss Indictment is therefore **denied**.

### III.    Conclusion.

For all of the foregoing reasons, defendant's Second Motion to Suppress Evidence and Request for a *Franks* Hearing (doc. 51) and Motion to Dismiss Indictment (doc. 52) are **denied**.  This action remains set for trial before the undersigned beginning at 9:00 a.m. on Tuesday, October 13, 2015.

DONE and ORDERED this 12th day of October, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE