# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN ROBERT TAYLOR, *BOP Reg. # 14519-003*, <br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:19-00375-WS-N <br> ) <br> ) CRIMINAL ACTION NO. 1:14-00303-WS-N <br> ) <br> ) |

## REPORT AND RECOMMENDATIONS

Jonathan Robert Taylor, a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated July 11, 2019 (Doc. 89)[1] challenging the judgment entered against him in the above-noted criminal action. The motion has been referred to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (7/15/2019 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Upon preliminary review of the § 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the

---

[1] All "Doc." citations herein refer to the docket of the above-noted criminal action.

undersigned finds that it plainly appears from the motion and the record of prior proceedings that Taylor is not entitled to relief because one of his claims is meritless, and his remaining claims are time-barred, and either procedurally defaulted or barred from consideration on collateral review.

## I. *Procedural Background*

On December 30, 2014, the grand jury for this judicial district issued a 2-count indictment against Taylor. (Doc. 1). Count One alleged possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and Count Two alleged using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)—the predicate "drug trafficking crime" being that charged in Count One. (*See id.*, PageID.1–2). A jury found Taylor guilty of both counts, and on February 11, 2016, the Court sentenced Taylor to a total term of 81 months in prison and a subsequent term of 5 years on supervised release. (*See* Doc. 70). Taylor appealed his judgment of conviction, but the Eleventh Circuit Court of Appeals affirmed by judgment entered July 25, 2017. (*See* Docs. 87, 88); *United States v. Taylor*, 688 F. App'x 638 (11th Cir. 2017) (per curiam) (unpublished). Taylor states that he did not seek certiorari review of the Eleventh Circuit's judgment with the United States Supreme Court. (*See* Doc. 89, PageID.730). Taylor is deemed to have filed the present § 2255 motion on July 11, 2019, the date he certifies that he mailed the motion to the Court. *See* (Doc. 89, PageID.743); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing").

After reviewing the subject § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court issued an order directing Taylor to show cause why this action should not be dismissed as time barred and/or procedurally defaulted. (Doc. 91). However, Taylor failed to submit any response to the Court's show cause order by the June 21, 2021, deadline. None of the Court's orders have been returned as undeliverable, and the undersigned's review of the Bureau of Prison's directory of federal inmates reveals that Taylor was released on September 10, 2021.[2] Accordingly, the undersigned addresses the defects in Taylor's § 2255 motion without the benefit of his response.

## II.  *Analysis*

### a.  **Timeliness**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a one-year statute of limitations for filing a § 2255 motion." *Outler v. United States*, 485 F.3d 1273, 1278 (11th Cir. 2007) (per curiam).

> The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[2] Taylor's release from prison does not moot his § 2255 motion because he filed the underlying motion prior to his release from prison and he still faces a term of supervised release. *See Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995). However, Taylor failed to update his address despite the Court warning him of this responsibility. (*See* Doc. 91, PageID.760). Without an updated address on record, the Clerk is **DIRECTED** to send this Report and Recommendation to Taylor's last known address.

3

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (quotation omitted).

There is no basis apparent in the record for applying the §§ 2255(f)(2) and (4) trigger dates to any of Taylor's claims, and Taylor's motion is plainly untimely under § 2255(f)(1). The Eleventh Circuit issued its judgment affirming his convictions and sentence on July 25, 2017. Because Taylor did not seek Supreme Court review of the Eleventh Circuit's judgment, his judgment of conviction became final 90 days later, on Monday, October 23, 2017. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (unpublished) ("[I]f the federal prisoner does not file a timely certiorari petition after disposition of her direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is 90 days after the entry of judgment on direct appeal."). Taylor did not file the present § 2255 motion until July 11, 2019, almost a year and nine months after his judgment became final. Considering the claims Taylor raises,

the undersigned finds that all but one are subject to § 2255(f)(1)'s limitations period and are therefore untimely.³

Taylor appears to assert a claim that his conviction on Count Two for a violation of 18 U.S.C. § 924(c) is no longer valid in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). *Davis* has been held to be retroactive on collateral review, *see In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019), and Taylor's § 2255 motion was filed less than a month after *Davis* was decided. Therefore, Taylor's *Davis* claim is timely under § 2255(f)(3). However, *Davis* provides Taylor no relief. Under § 924(c), "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," is guilty of a separate criminal offense. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c),

> the term 'crime of violence' means an offense that is a felony and-- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is often referred to as the "elements clause," while § 924(c)(3)(B) is referred to as the "residual clause." *See Davis*, 139 S. Ct. at

---

³ The untimely claims are more particularly described in the next section of this Report and Recommendation, where they are also found to be procedurally defaulted or barred.

2324 (noting that § 924(c) "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause"). In *Davis*, the Supreme Court has held that § 924(c)'s residual clause is void for vagueness.

However, Count Two did not charge Taylor with using and carrying a firearm in relation to a "crime of violence," but instead in relation to "a *drug trafficking crime*"—namely, the crime of possession with intent to distribute cocaine charged in Count One. (Doc. 1, PageID.1–2 (emphasis added)). The judgment of conviction also reflects that Taylor was convicted of "using/carrying a firearm in furtherance of a drug trafficking crime" for Count Two. (Doc. 70, PageID.356). Section 924(c) does not define "drug trafficking crime" using any sort of residual clause like it does to define "crime of violence." Rather, for purpose of § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Possession with intent to distribute a controlled substance is a felony under the Controlled Substances Act, *see* 21 U.S.C. §§ 841(a)(1), and *Davis* did nothing to undermine § 924(c)'s definition of "drug trafficking crime." Accordingly, Taylor's *Davis* claim is plainly without merit.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he judge who receives [a § 2255] motion must promptly examine it[, and i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

party[,]" without the need to order a response from the Government. After giving both Taylor and the Government notice and an opportunity to be heard on the issue—with neither filing a response—the Court can dismiss the subject § 2255 claim under Rule 4(b) of the Rules Governing Section 2255 Proceedings.[4]

### b. Procedural Default/Bar

In addition to being untimely, the undersigned also finds that all of Taylor's § 2255 claims, apart from his *Davis* claim, are due to be denied because they were either raised and rejected on direct appeal or could have been but were not raised on direct appeal.

"It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (collecting cases). This is true even where the defendant attempts to relitigate a claim on a different, but previously available, theory. *See United States v.*

---

[4] The Eleventh Circuit has held that a court can *sua sponte* dismiss a § 2254 habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts as time-barred, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam), and (2) the respondent is given similar notice and "an opportunity to respond, including an opportunity to inform the District Court if it intend[s] to waive the timeliness defense." *Id.* at 655. The screening mechanism in Rule 4(b) of the Rules Governing 2255 Proceedings is substantively identical to that in Rule 4 of the Rules Governing Section 2254 Cases, which states that a "judge must promptly examine" a state prisoner's habeas petition brought under 28 U.S.C. § 2254, and "must dismiss the petition and direct the clerk to notify the petitioner" without ordering a response from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…" Accordingly, the undersigned finds no reason to conclude that the reasoning in *Paez* cannot be applied in § 2255 proceedings.

7

*Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Nyhuis has merely re-characterized his prior immunity claim as a due process claim. A rejected claim does not merit rehearing on a different, but previously available, legal theory.")

Additionally, "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). "Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* at 1232 (internal citations, quotations, and footnote omitted). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Id.* n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Id.* at 1234.

> This rule generally applies to all claims, including constitutional claims. A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Id.* (internal citations, quotations, and footnote omitted).[5]

In addition to his *Davis* claim, Taylor advances the following grounds for relief his present § 2255 motion—"[c]onviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure[;]" he was "tried and convicted based on statements from a 'CI' whom [Taylor] did not get to face in court as allowed under the Constitution[;]" "[t]he bag containing the drugs did not contain [Taylor's] fingerprints and the gun was said to be guarding the drugs and therefore it was possible for a furture [sic] crime to commence[;]" "[t]he government could not provide audio with the video to prove that 'controlled buy' commenced to prove a case for count 1 of the conviction[;]" and the "government failed to prove or admit into evidence monies was used as part of the 'buy.' " (Doc. 89, PageID.732–734).

On direct appeal, Taylor "argue[d] that: (1) the district court erred in denying his pretrial motion to suppress evidence; (2) the district court abused its discretion in admitting a muted video recording of the defendant at trial; (3) the admission of the video clip violated the Confrontation Clause; and (4) the district court erred in

---

[5] The Supreme Court has "excepted ineffective-assistance-of-counsel claims from the general procedural default rule" and recognized that a § 2255 motion is generally preferable for deciding such claims. *Lynn*, 365 F.3d at 1234 n.17 (citing *Massaro v. United States*, 538 U.S. 500, 509 (2003)). Noting that "[t]he procedural default rule is neither a statutory nor a constitutional requirement, but . . . is [instead] a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments[,]" the Supreme Court "conclude[d] that requiring a criminal defendant to bring ineffective-assistance-of-counsel claims on direct appeal does not promote these objectives." *Massaro*, 538 U.S. at 504. However, Taylor's § 2255 motion raises no ineffective-assistance-of-counsel claims, nor does he raise any other claims that could arguably be excepted from the procedural default rule under *Massaro*'s reasoning.

9

denying his motion for a judgment of acquittal on the claim that Count 2 was supported by insufficient evidence." (Doc. 87, PageID.715); *Taylor*, 688 F. App'x at 639. The Eleventh Circuit affirmed the denial of Taylor's motion to suppress, finding that the underlying search warrant affidavit sufficiently established probable cause to search Taylor's apartment. *See* (Doc. 87, PageID.716–719); *Taylor*, 688 F. App'x at 640–41. The Eleventh Circuit also held that the Court did not abuse its discretion under the Federal Rules of Evidence in admitting a muted version of the "controlled buy" video at trial, and that the video's admission did not violate Taylor's rights under the Confrontation Clause of the Constitution. *See* (Doc. 87, PageID.719–723); *Taylor*, 688 F. App'x at 641–43. Finally, the Eleventh Circuit held that the Government had introduced sufficient evidence of a nexus between the firearm and the drug trafficking offense to support Taylor's Count Two conviction. *See* (Doc. 87, PageID.723–725); *Taylor*, 688 F. App'x at 643–44. Accordingly, Taylor's § 2255 claims that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure," that the "bag containing the drugs did not contain [Taylor's] fingerprints and the gun was said to be guarding the drugs and therefore it was possible for a furture [sic] crime to commence," and that the Government "could not provide audio with the video to prove that 'controlled buy' commenced to prove a case for count 1 of the conviction," are procedurally barred because they were already raised and rejected on direct appeal. As for his § 2255 claims that he was "tried and convicted based on statements from a 'CI' whom [Taylor] did not get to face in court as allowed under the Constitution," and that the Government "failed to prove or admit into

10

evidence monies was used as part of the 'buy,' " those claims are procedurally defaulted because they could have been raised on direct appeal but were not.[6]

### c. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed."

---

[6] Like the one-year statute of limitations for bringing § 2255 motions, procedural default is a non-jurisdictional defense that the Government can choose to waive. *Compare Green v. United States*, 735 F. App'x 687, 688 (11th Cir. 2018) (per curiam) (unpublished) ("The time limitation for filing a § 2255 motion is not jurisdictional and can be waived.") *with* Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1261 (11th Cir. 2013) ("[T]he procedural-default rule is not jurisdictional, but is an affirmative defense that is subject to waiver by the government."), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc). The Government did not file anything to indicate it has waived this defense. Based on the reasoning in *Paez, see* n.3, *supra*, the undersigned concludes that the Court can also dismiss claims *sua sponte* under Rule 4(b) of the Rules Governing 2255 Proceedings as procedurally defaulted and/or procedurally barred, because both Taylor and the Government were given notice and a chance to respond.

*Id.* at 337. Upon due consideration, the undersigned **RECOMMENDS** that Taylor be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.[7]

### d. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859–60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by Taylor of the

---

[7] If the Court adopts the undersigned's recommendation to decline to issue Taylor a COA, he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[8]

### III. *Conclusion*

As set out above, the undersigned **RECOMMENDS** that Taylor's § 2255 motion (Doc. 89) be **DENIED** and **DISMISSED with prejudice** as one of his claims is meritless, and his remaining claims are time-barred, and either procedurally defaulted or barred from consideration on collateral review. Further, the undersigned **RECOMMENDS** that Taylor be **DENIED** a Certificate of Appealability and that the Court **CERTIFY** that any appeal by Taylor of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

**DONE** this the 2nd day of November 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Taylor may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

# NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.